**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN BROKERAGE NETWORK and CUNG THAI,<br><br>　　　　Plaintiffs-Appellees,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY; et al.,<br><br>　　　　Defendants-Appellants. | No.　17-16371<br><br>D.C. No. 3:16-cv-06952-EDL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Before: HAWKINS, GRABER, and THACKER,[**] Circuit Judges.

Appellees American Brokerage Network and Chung Thai (collectively, "ABN")

successfully moved to vacate an arbitration award on the basis of "evident partiality,"

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

9 U.S.C. § 10(a)(2), due to the arbitrator's failure to disclose relationships, of which she was not actually aware, between her law firm and American International Group, Inc. ("AIG"), as well as certain AIG-affiliated entities. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo*, *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105 (9th Cir. 2007), and reverse.

Given the arbitrator's disclosure that AIG was a former client of her firm, ABN had some duty to inquire about the nature of that relationship. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004); *Lucent Techs. Inc. v. Tatung Co.*, 379 F.3d 24, 28 (2d Cir. 2004). But ABN asked no questions and proceeded with the hearing. Further, the laborious efforts required to discover the undisclosed relationships give credence to the reasonableness of the arbitrator's investigation. *See New Regency*, 501 F.3d at 1110 (arbitrators have a duty to "make a reasonable effort to inform themselves of any interests or relationships" subject to disclosure) (citation omitted). Lastly, the undisclosed relationships, considered in light of those the arbitrator did disclose, are insufficient to create a "[r]easonable impression of partiality." *Schmitz v. Zilveti*, 20 F.3d 1043, 1047 (9th Cir. 1994) (citation omitted).

The district court is instructed to enter judgment on the arbitration award.

**REVERSED and REMANDED with instructions.**